Kamie F. Brown (8520)
RAY QUINNEY & NEBEKER, P.C.
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
kbrown@rqn.com

Thomas P. Branigan (*Pro Hac admission pending*)
Matthew G. Berard (*Pro Hac admission pending*)
Brittany M. Clarke (*Pro Hac admission pending*)
BOWMAN AND BROOKE LLP
101 West Big Beaver Road, Suite 1100
Troy, MI 48084
Tel: (248) 205-3300
tom.branigan@bowmanandbrooke.com
matthew.berard@bowmanandbrooke.com
brittany.clarke@bowmanandbrooke.com

*Attorneys for Defendants Tesla, Inc. and Tesla of UT, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| Nathan A. Blaine, an individual, spouse and heir of Jennifer Lynn Blaine, deceased, and on behalf of Bronco Blaine, a minor, heir of Jennifer Blaine deceased; also Nathan A. Blaine as natural father and heir of Denali Blaine and Emily Blaine Leavitt; Deven Grant Blaine, an individual and Benjamin Nathan Blaine an individual, natural sons and heirs of Jeniffer Lynn Blaine, deceased; and Doulas Leavitt and Tracy Leavitt, husband and wife, natural parents and heirs of Zachary Leavitt;<br><br>    Plaintiffs,<br><br>    vs.<br><br>TESLA, Inc. a Delaware corporation; TESLA OF UT, INC., a Texas corporation; DOES 1-X; ABC ENTITIES, 1-X,<br><br>    Defendants. | **NOTICE OF REMOVAL**<br><br>Case No. 1:25-cv-00206 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Tesla, Inc. ("Tesla") and Tesla of UT, Inc. (collectively "Defendants") give notice that the case captioned *Nathan A. Blaine, et al. v. Tesla, Inc., et al.*, in the Third Judicial District Court for the County of Salt Lake, Utah, Case No. 250907109, where Plaintiffs originally filed it on or about August 28, 2025, is removed to the United States District Court for the District of Utah. Tesla was served on or about November 25, 2025. True and correct copies of all process and pleadings served upon Defendants in that action are attached as **Exhibit A** - Complaint and Jury Demand.

## STATEMENT OF GROUNDS FOR REMOVAL

1. Plaintiffs allege that this cause of action arises from a motor vehicle accident that resulted in the deaths of all four occupants of a Tesla Model X on or about September 1, 2023. *See* **Exhibit A** at ¶ 126. In their Complaint, Plaintiffs advance three causes of action: strict product liability, negligent product liability, and wrongful death. *See* **Exhibit A** at ¶¶ 104 - 126.

2. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy, assuming Plaintiffs prevail on their claims, exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney fees.

3. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Keys Youth Servs., Inc. v. City of Olathe*, KS, 248 F.3d 1267,

1272 (10th Cir. 2001). Here, Plaintiffs are residents of and domiciled in Utah. *See* **Exhibit A** at ¶¶ 10, 11.

4. Defendant Tesla, Inc. is a corporation organized and existing under the laws of the State of Texas, having its principal place of business in Texas. *See* **Exhibit A** at ¶ 12; *see also Gunderson v. Trade Desk, Inc.,* 326 A.3d 1264 (Del. Ch. 2024), as revised Nov. 8, 2024 (dismissing complaint challenging Tesla's ability to move its incorporation from Delaware to Texas); *see also Donald Ball v. Tesla, Inc., et al.,* C.A. No. 2024-0622-KSJM (Del. Ch. Mar. 3, 2025) (same).

5. Defendant Tesla of UT, Inc. is domiciled in Texas. *See* Exhibit A at ¶ 12.

6. As such, complete diversity of jurisdiction exists among all named Plaintiffs and Defendants and this case is removable pursuant to 28 U.S.C. §1446(b)(3).

7. Here, assuming Plaintiffs prevail on their claims, the amount-in-controversy exceeds $75,000, as required for this Court to have jurisdiction over Plaintiffs' claims.

8. Wrongful death claims in Utah routinely involve damages far above the jurisdictional threshold because they include funeral and burial expenses, loss of earnings and financial support, loss of companionship and society, and other substantial compensatory losses. *See Smith v. United States*, 2015 UT 68, 356 P.3d 1249 (Utah 2015)[1] (noting that the Utah Constitution "protects recovery of economic damages—compensation for the loss of the reasonably anticipated net financial productivity of the deceased and the costs occasioned by the

---

[1] Defendants cite Utah law for purposes of this discussion only because the Complaint was filed in this forum and asserts claims pursuant to that law. Defendants do not concede that Utah law applies to the substantive claims or defenses at issue and reserves all arguments, rights and defenses as to the governing law in this case that involves a crash that occurred in and was investigated in Idaho.

death. It also protects recovery of certain noneconomic damages designed to compensate for the loss of the assistance, association, care, comfort, companionship, nurture, pleasure, protection, society, and support of the deceased").

9. While Plaintiffs' Complaint does not demand or state the specific amount of damages they are claiming, they allege damages consisting of, but not "limited to, loss of society, comfort, companionship, services, and affection, and other general damages." **Exhibit A** at ¶ 126. Plaintiffs further seek "economic damages," "noneconomic damages," as well as "pre-judgment interest." *Id.* at pg. 26. Plaintiffs also seek punitive damages.

10. Given the substance of Plaintiffs' Complaint, their asserted claims, and the damages sought, it is facially apparent that the amount in controversy exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (removal proper where the complaint alleged a design defect that led to a wrongful death and sought damages under the state wrongful-death statute, which allowed recovery for damages likely to be well in excess of the amount in controversy, even though the estate did not affirmatively plead the amount in controversy); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy may be established when damages are facially apparent from the complaint). Accordingly, the amount in controversy requirement is satisfied because Plaintiffs necessarily seek well over $75,000 in damages based on the claims and the nature of the harm alleged.

11. A defendant seeking to remove a case from state court based on diversity "must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible an excess of $75,000 is in play." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *McPhail*, 529 F.3d at 955). Such jurisdictional facts must be proven by a preponderance of the evidence. *McPhail*, 529 F.3d at 955. "Only if it is legally certain that the

recovery or cost of complying with judgment will be less than the jurisdictional floor may the case be dismissed." *Phelps Oil & Gas, LLC*, 5 F.4th at 1126.

12. Defendants have not served an Answer or responsive pleading to Plaintiffs' Complaint, nor made any appearance or argument before the Third Judicial District Court for the County of Salt Lake, Utah. Defendants submit this Notice without waiving any of their rights and defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pleaded claims upon which relief can be granted. Defendants also do not admit any of the factual allegations in Plaintiffs' Complaint and instead reserve the right to contest those allegations at the appropriate time.

13. Plaintiff filed this action in the Third Judicial District Court for the County of Salt Lake, Utah, on August 28, 2025, and Defendants were served on November 25, 2025. *See* **Exhibit A**; *see also* **Exhibit B** – Service Document. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b), as it is filed "within 30 days after the receipt by [Defendants], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

14. The Third Judicial District Court for the County of Salt Lake, Utah is located in the District Court of Utah. Therefore, venue for removal is proper pursuant to 28 U.S.C. § 102 because this is the "district and division within which [the] action is pending[.]" 28 U.S.C. § 1446(a).[2]

---

[2] While Defendants have filed their Removal Notice in this Court because Plaintiffs filed their Complaint in the Third Judicial District Court for the County of Salt Lake, Utah they do not concede that venue is proper in this Court for this case that arises from a crash that occurred in and was investigated in Idaho. Defendants reserve all arguments, rights and defenses related to venue including the right to request venue transfer or dismissal based on the Doctrine of forum *non conveniens*.

15. In accordance with 28 U.S.C. §1446(d), concurrently with filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs and will file a true and correct copy of this Notice of Removal with the Clerk of the Third Judicial District Court for the County of Salt Lake, Utah.

16. All other prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

WHEREFORE, Defendants Tesla, Inc. and Tesla of UT, Inc. remove the above-mentioned state court action from the Third Judicial District Court for the County of Salt Lake, Utah and request that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in State Court.

DATED this 23rd day of December 2025.

RAY QUINNEY & NEBEKER P.C.

/s/ Kamie F. Brown
Kamie F. Brown

Thomas P. Branigan (*Pro Hac Vice pending*)
Matthew G. Berard (*Pro Hac Vice pending*)
Brittany M. Clarke (*Pro Hac Vice pending*)
BOWMAN AND BROOKE LLP

*Attorneys for Defendants Tesla, Inc. and Tesla of UT, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2025, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of Court via the Court's CM/ECF system. In addition, the **NOTICE OF REMOVAL** was served on the following parties as indicated below:

| | |
|---|---|
| Paul M. Halliday, Jr.<br>**HALLIDAY LAW**<br>4330 South Butternut Road<br>Salt Lake City, UT 84124<br>paul@phjrlaw.com | ☐ via CM/ECF System<br>☒ via E-Mail<br>☐ via Hand-Delivery<br>☒ via U.S. Mail, Postage Prepaid |
| G. Lynn Shumway<br>**SHUMWAY LAW PLLC**<br>4647 North 32nd Street, Suite 125<br>Phoenix, AZ 85018<br>shumway@carsafetylaw.com | ☐ via CM/ECF System<br>☒ via E-Mail<br>☐ via Hand-Delivery<br>☒ via U.S. Mail, Postage Prepaid |

                                                */s/ Liz Beidoun*