Kamie F. Brown (8520)
RAY QUINNEY & NEBEKER, P.C.
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
kbrown@rqn.com

Thomas P. Branigan (*Pro Hac Vice*)
Matthew G. Berard (*Pro Hac Vice)*
Brittany M. Clarke (*Pro Hac Vice)*
BOWMAN AND BROOKE LLP
101 West Big Beaver Road, Suite 1100
Troy, MI 48084
Tel: (248) 205-3300
tom.branigan@bowmanandbrooke.com
matthew.berard@bowmanandbrooke.com
brittany.clarke@bowmanandbrooke.com

*Attorneys for Defendants Tesla, Inc. and Tesla of UT, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Nathan A. Blaine, an individual, spouse and heir of Jennifer Lynn Blaine, deceased, and on behalf of Bronco Blaine, a minor, heir of Jennifer Blaine deceased; also Nathan A. Blaine as natural father and heir of Denali Blaine and Emily Blaine Leavitt; Deven Grant Blaine, an individual and Benjamin Nathan Blaine an individual, natural sons and heirs of Jeniffer Lynn Blaine, deceased; and Doulas Leavitt and Tracy Leavitt, husband and wife, natural parents and heirs of Zachary Leavitt; <br><br> Plaintiffs, <br><br> vs. <br><br> TESLA, Inc. a Delaware corporation; TESLA OF UT, INC., a Texas corporation; DOES 1-X; ABC ENTITIES, 1-X, <br><br> Defendants. | **ANSWER OF TESLA, INC. AND TESLA OF UT, INC. TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND** <br><br> Case No. 2:25-cv-01161-AMA-DAO <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Daphne A. Oberg |

Defendants Tesla, Inc. and Tesla of Utah, Inc. (collectively, "Tesla"), by its attorneys, Ray Quinney & Nebeker P.C., answer Plaintiffs' Complaint as follows:

## THE PARTIES

1.      Tesla neither admits nor denies the allegations contained in paragraph 1 because it is without sufficient information to form a belief about the truth of them.

2.      Tesla neither admits nor denies the allegations contained in paragraph 2 because it is without sufficient information to form a belief about the truth of them.

3.      Tesla neither admits nor denies the allegations contained in paragraph 3 because it is without sufficient information to form a belief about the truth of them.

4.      Tesla neither admits nor denies the allegations contained in paragraph 4 because it is without sufficient information to form a belief about the truth of them.

5.      Tesla neither admits nor denies the allegations contained in paragraph 5 because it is without sufficient information to form a belief about the truth of them.

6.      The allegations contained in paragraph 6 are definitional; thus, no response is required. To the extent an answer is required, Tesla neither admits nor denies the allegations contained in paragraph 6.

7.      Tesla neither admits nor denies the allegations contained in paragraph 7 because it is without sufficient information to form a belief about the truth of them.

8.      Tesla neither admits nor denies the allegations contained in paragraph 8 because it is without sufficient information to form a belief about the truth of them.

1732019

2

9.      Tesla admits only that Plaintiffs alleged they sustained "significant damages." Otherwise, Tesla neither admits nor denies the allegations contained in paragraph 9 because it is without sufficient information to form a belief about the truth of them.

10.      Tesla neither admits nor denies the allegations contained in paragraph 10 because it is without sufficient information to form a belief about the truth of them.

11.      Tesla neither admits nor denies the allegations contained in paragraph 11 because it is without sufficient information to form a belief about the truth of them.

12.      Tesla admits only that its principal place of business changed from Palo Alto, California to Texas on December 1, 2021; Tesla otherwise denies the allegations contained in paragraph 12 because they are untrue.

13.      Tesla admits that it is in the business of designing, developing, testing, manufacturing, distributing, selling and leasing Tesla vehicles. Tesla also admits that Tesla vehicles may receive software updates over-the-air related to various vehicle components, systems or features, including the equipped advanced driver assist systems. Tesla otherwise denies the allegations contained in paragraph 13 because they are untrue as stated.

14.      Tesla denies the allegations contained in paragraph 14 because they are untrue.

15.      Tesla denies the allegations contained in paragraph 15 because they are untrue as stated.

16.      Tesla admits the allegations contained in paragraph 16.

17.      Tesla admits the allegations contained in paragraph 17.

18.      Tesla admits the allegations contained in paragraph 18 only to the extent that Tesla of Utah, Inc. appears on title and registration materials as the vehicle distributor.

1732019                                   3

## DOE PARTIES

19.    Tesla neither admits nor denies the allegations contained in paragraph 19 because it is without sufficient information to form a belief about the truth of them.

20.    Tesla neither admits nor denies the allegations contained in paragraph 20 because it is without sufficient information to form a belief about the truth of them.

21.    Tesla neither admits nor denies the allegations contained in paragraph 21 because it is without sufficient information to form a belief about the truth of them.

## JURISDICTION & VENUE

22.    The allegations contained in paragraph 22 are legal conclusions; therefore, no answer is required. To the extent an answer is required, Tesla admits only that the United States District Court has jurisdiction over this matter pursuant 28 U.S.C. § 1332.

23.    The allegations contained in paragraph 23 are legal conclusions; therefore, no answer is required. To the extent an answer is required, Tesla admits it conducts business in Utah and the vehicle was delivered in Utah. Tesla otherwise denies the statements in paragraph 23 because they are untrue as stated.

24.    Tesla neither admits nor denies the allegations contained in paragraph 24 because it is without sufficient information to form a belief about the truth of them.

## FACTUAL ALLEGATIONS

25.    Tesla admits only that the Tesla Model X that is the subject of this action (VIN 7SAXCAE58NF344140) was configured with certain active and passive safety features, including Lane Assist and Lane Departure Avoidance. Otherwise, Tesla denies the allegations in paragraph 25 because they are untrue as stated.

1732019                                                    4

26.    Tesla denies the allegations contained in paragraph 26 because they are untrue as stated.

27.    Tesla denies the allegations contained in paragraph 27 because they are untrue as stated.

28.    Tesla denies the allegations contained in paragraph 28 because they are untrue as stated.

29.    Paragraph 29 is not an allegation, rather, it is a statement therefore, no response is required. To the extent an answer is required, Tesla denies the allegations in paragraph 29 because they are untrue as stated.

30.    Tesla neither admits nor denies the allegations contained in paragraph 30 because they present incomplete hypothetical situations about which Tesla is without sufficient information to form a belief about the truth of them.

31.    Tesla neither admits nor denies the allegations contained in paragraph 31 because they present incomplete hypothetical situations about which Tesla is without sufficient information to form a belief about the truth of them.

32.    Tesla admits only that the current Tesla Model X owner's manual states, "Autopilot refers to a suite of advanced driver assistance features that are intended to make driving more convenient and less stressful. None of these features make Model X fully autonomous or replace you as the driver." Tesla otherwise denies the allegations contained in paragraph 32 because they are untrue as stated.

33.     Tesla admits the allegations contained in paragraph 33 subject to the clarification that the Model X that is the subject of this action was configured to include the Full Self-Driving Capability package, including Autosteer and Traffic-Aware Cruise Control.

34.     Tesla admits the allegations in paragraph 34 subject to the clarification that the Tesla Model X included camera technology, specifically eight exterior cameras and an interior cabin camera. Tesla otherwise denies the allegations contained in paragraph 34 because they are untrue as stated.

35.     Tesla admits the allegations in paragraph 35 subject to the clarification that the Tesla Model X included camera technology, specifically eight exterior cameras and an interior cabin camera.

36.     Tesla admits only that the interior cabin camera in the Tesla Model X is part of the driver monitoring system in the vehicle. Tesla otherwise denies the remaining allegations in paragraph 36 because they are untrue as stated.

37.     Tesla admits only that the interior cabin camera in the Tesla Model X is part of the driver monitoring system in the vehicle. Tesla otherwise denies the remaining allegations in paragraph 37 because they are untrue as stated.

38.     Tesla admits only that the interior cabin camera in the Tesla Model X is part of the driver monitoring system in the vehicle. Tesla otherwise denies the remaining allegations in paragraph 38 because they are untrue as stated.

39.     Tesla admits only that the interior cabin camera in the Tesla Model X is part of the driver monitoring system in the vehicle. Tesla otherwise denies the remaining allegations in paragraph 39 because they are untrue as stated.

1732019

40.     Tesla admits only that the interior cabin camera in the Tesla Model X is part of the driver monitoring system in the vehicle. Tesla otherwise denies the remaining allegations in paragraph 40 because they are untrue as stated.

41.     Tesla admits only that the interior cabin camera in the Tesla Model X is part of the driver monitoring system in the vehicle. Tesla otherwise denies the remaining allegations in paragraph 41 because they are untrue as stated.

42.     Tesla admits only that the interior cabin camera in the Tesla Model X is part of the driver monitoring system in the vehicle. Tesla otherwise denies the remaining allegations in paragraph 42 because they are untrue as stated.

43.     Tesla admits only that the Tesla Model X is equipped with a driver monitoring system designed to present alerts, notifications, reminders and warnings to the driver including alerts that remind drivers to keep their eyes on the road and their hands on the steering wheel when certain features in the vehicle have been engaged by the driver. Tesla otherwise denies the allegations contained in paragraph 43 because they are untrue as stated.

44.     Tesla admits only that the Model X at issue in this action was configured with Autosteer, and that the current Tesla Model X owner's manual states that when Autosteer is engaged it "maintains your speed and distance from a leading vehicle while also intelligently keeping Model X in its lane."

45.     Tesla neither admits nor denies the allegations contained in paragraph 45 to the extent they pertain to systems in vehicles not designed or manufactured by Tesla because it is without sufficient information to form a belief about the truth of them. Tesla otherwise denies the remaining allegations contained in paragraph 45 pertaining to it because they are untrue as stated.

1732019

46. Tesla admits only that the Model X at issue in this action was configured with Autosteer, and that the current Tesla Model X owner's manual states that when Autosteer, a hands-on feature, is engaged by a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate action the Model X can "detect[] lane markings, road edges, and the presence of vehicles and objects to intelligently keep Model X in its driving lane." Tesla otherwise denies the allegations contained in paragraph 46 because they are untrue as stated.

47. Tesla admits only that the current Tesla Model X owner's manual states that when Autosteer, a hands-on driver assist feature, is engaged by a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate action, the Model X "attempts to center [the] Model X in the driving lane." Tesla otherwise denies the allegations contained in paragraph 47 because they are untrue as stated.

48. Tesla denies the allegations contained in paragraph 48 because they are untrue as stated.

49. Tesla admits only that the current Tesla Model X owner's manual states that certain features are less likely to operate as intended when "driving on a road that has sharp curves or is excessively rough." Tesla denies representing that the Model X operates "autonomously" at any time. Tesla otherwise denies the allegations contained in paragraph 49 because they are untrue as stated.

50. Tesla neither admits nor denies the allegations contained in paragraph 50 because it is without sufficient information to form a belief about the truth of them.

51. Tesla admits only that the current Tesla Model X owner's manual states that when a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate

1732019                                      8

action engages "a turn signal [after engaging] Autosteer…the Model X moves into the adjacent lane in the direction indicated by the turn signal, provided," several conditions are met including that "lane markings indicate that a lane change is permitted." Tesla otherwise denies the allegations contained in paragraph 51 because they are untrue as stated.

52.   Tesla admits only that the current Tesla Model X owner's manual states that when a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate action engages "a turn signal [after engaging] Autosteer…the Model X moves into the adjacent lane in the direction indicated by the turn signal, provided" several conditions are met including that "midway through the lane change, [the] Model X must detect the target lane's outside lane marking." Tesla otherwise denies the allegations contained in paragraph 52 because they are untrue as stated.

53.   Tesla admits only that the current Tesla Model X owner's manual states that when a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate action engages Autopilot, the Model X "must detect the target lane's outside lane marking," to make a lane change, otherwise the "lane change is aborted and the [the] Model X returns to its original driving lane." Tesla otherwise denies the allegations contained in paragraph 53 because they are untrue as stated.

54.   Tesla denies the allegations contained in paragraph 54 because they are untrue as stated.

55.   Tesla denies the allegations contained in paragraph 55 because they are untrue as stated.

1732019

56.    The allegations contained in paragraph 56 are legal conclusions; therefore, no answer is required of Tesla. To the extent an answer is required, Tesla denies the statement in paragraph 56 because it is an incorrect statement of law.

57.    The allegations contained in paragraph 57 are legal conclusions; therefore, no answer is required of Tesla. To the extent an answer is required, Tesla denies the statement in paragraph 56 because it is an incorrect statement of law.

58.    Tesla admits only that, when the Full Self-Driving (Supervised) system is engaged in a Tesla that is so equipped, it improves U.S. road safety by over 80%, reducing the likelihood of collisions by human error, and that, when so engaged, Tesla vehicles experience fewer collisions than those driven without. Tesla otherwise denies the allegations contained in paragraph 58 because they are untrue as stated.

59.    Tesla admits only that if the Autosteer and/or Traffic-Aware Cruise Control systems are not engaged and in use by the driver, the safety benefits they may provide are not available.  Otherwise, Tesla denies the allegations in paragraph 59 because they are untrue as stated.

60.    Tesla neither admits nor denies the allegations contained in paragraph 60 because they are unintelligible.

61.    Tesla admits only that the current Tesla Model X owner's manual states that when a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate action engages Full Self-Driving (Supervised) at speeds between 18 and 85 mph, the Model X "attempts to drive to [the driver's] destination by following curves in the road, stopping at and negotiating intersections, making left and right turns, navigating roundabouts, and entering/exiting

1732019

highways." Tesla otherwise denies the allegations contained in paragraph 61 because they are untrue as stated.

62.     Tesla admits only that the current Tesla Model X owner's manual states that when a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate action engages Full Self-Driving (Supervised) at speeds between 18 and 85 mph, the Model X "attempts to drive to [the driver's] destination by following curves in the road, stopping at and negotiating intersections, making left and right turns, navigating roundabouts, and entering/exiting highways." Tesla denies the allegations contained in paragraph 62 because they are untrue as stated.

63.     Tesla admits only that the current Tesla Model X owner's manual states that when a fully attentive driver who stays alert, performs visual checks, and is prepared to take immediate action engages Full Self-Driving (Supervised) at speeds between 18 and 85 mph, the Model X "attempts to drive to [the driver's] destination by following curves in the road, stopping at and negotiating intersections, making left and right turns, navigating roundabouts, and entering/exiting highways." Tesla denies the allegations contained in paragraph 63 because they are untrue as stated.

64.     Tesla denies the allegations contained in paragraph 64 because they are untrue.

65.     Tesla denies the allegations contained in paragraph 65 because they are untrue.

66.     Tesla denies the allegations contained in paragraph 66 because they are untrue.

67.     Tesla denies the allegations contained in paragraph 67 because they are untrue.

68.     Tesla denies the allegations contained in paragraph 68 because they are untrue.

69.     Tesla denies the allegations contained in paragraph 69 because they are untrue.

70. Tesla denies the allegations contained in paragraph 70 because they are untrue.

71. Tesla denies the allegations contained in paragraph 71 because they are untrue.

72. Tesla denies the allegations contained in paragraph 72 because they are untrue.

73. Tesla denies the allegations contained in paragraph 73 because they are untrue.

74. Tesla denies the allegations contained in paragraph 74 because they are untrue.

75. Tesla neither admits nor denies the allegations contained in paragraph 75 because it is without sufficient information to form a belief about the truth of them.

76. Tesla neither admits nor denies the allegations contained in paragraph 76 because it is without sufficient information to form a belief about the truth of them.

77. Tesla neither admits nor denies the allegations contained in paragraph 77 because it is without sufficient information to form a belief about the truth of them.

78. Tesla denies the allegations contained in paragraph 78 because they are untrue.

79. Tesla denies the allegations contained in paragraph 79 because they are untrue.

80. Tesla denies the allegations contained in paragraph 80 because they are untrue.

81. Tesla denies the allegations contained in paragraph 81 about "Tesla's long-term advertising campaign because they are untrue. Tesla neither admits nor denies the remaining allegations contained in paragraph 81 because it is without sufficient information to form a belief about the truth of them.

82. Tesla denies the existence of a "'full self-driving' update." Otherwise, Tesla neither admits nor denies the allegations contained in paragraph 82 because it is without sufficient information to form a belief about the truth of them.

83. Tesla denies the allegations contained in paragraph 83 because they are untrue.

1732019

12

84. Tesla admits the allegations contained in paragraph 84.

85. Tesla admits the Model X at issue in this action was configured to include the "Full Self-Driving Capability" optional upgrade package.

86. Tesla neither admits nor denies the allegations contained in paragraph 86 because it is without sufficient information to form a belief about the truth of them.

87. Tesla neither admits nor denies the allegations contained in paragraph 87 because it is without sufficient information to form a belief about the truth of them.

88. Tesla neither admits nor denies the allegations contained in paragraph 88 because it is without sufficient information to form a belief about the truth of them.

89. Tesla neither admits nor denies the allegations contained in paragraph 89 because it is without sufficient information to form a belief about the truth of them.

90. Tesla denies the allegations contained in paragraph 90 because they are untrue.

91. Tesla denies the allegations contained in paragraph 91 because they are untrue.

92. Tesla denies the allegations contained in paragraph 92 because they are untrue.

93. Tesla admits only that it is in the business of designing, developing, testing, manufacturing, assembling, selling, leasing, servicing and repairing Tesla vehicles, including the Model X that is the subject of this action. Otherwise, the allegations contained in paragraph 93 are legal conclusions and are, in part, directed at entities other than Tesla; therefore, no response is required. To the extent a response is required, Tesla denies the remaining statements contained in paragraph 93 because they are untrue.

1732019

94.   The allegations contained in paragraph 94 are legal conclusions; therefore, no response is required. To the extent a response is required, Tesla denies the statements contained in paragraph 94 because they are untrue.

95.   The allegations contained in paragraph 95 are, in part, legal conclusions; therefore, no response is required. To the extent a response is required, Tesla denies the statements contained in paragraph 95 because they are untrue.

96.   Tesla denies the allegations contained in paragraph 96 because they are untrue.

97.   Tesla denies the allegations contained in paragraph 97 because they are untrue.

98.   Tesla denies the allegations contained in paragraph 98 because they are untrue.

99.   Tesla denies the allegations contained in paragraph 99 because they are untrue.

100.   Tesla denies the allegations contained in paragraph 100 because they are untrue.

101.   Tesla denies the allegations contained in paragraph 101 because they are untrue.

102.   Tesla denies the allegations contained in paragraph 102 because they are untrue.

103.   Tesla denies the allegations contained in paragraph 103 because they are untrue.

## FIRST CAUSE OF ACTION
## STRICT PRODUCT LIABILITY

104.   Tesla incorporates by reference each and every answer and denial set forth in paragraphs 1 through 103 as though fully set forth herein.

105.   The allegations contained in paragraph 105 are legal conclusions and are, in part, directed at entities other than Tesla; therefore, no response is required. To the extent a response is required, Tesla admits only that it manufactured and sold the Model X that is the subject of this action. Otherwise, Tesla denies the statements contained in paragraph 105 because they are untrue.

1732019                                14

106. The allegations contained in paragraph 106 are legal conclusions and are, in part, directed at entities other than Tesla; therefore, no response is required. To the extent a response is required, Tesla denies the statements contained in paragraph 106 because they are untrue.

107. Tesla denies the allegations contained in paragraph 107 because they are untrue.

108. Tesla denies the allegations contained in paragraph 108 because they are untrue.

109. Tesla denies the allegations contained in paragraph 109 because they are untrue.

110. Tesla denies the allegations contained in paragraph 110 because they are untrue.

111. Tesla denies the allegations contained in paragraph 111 because they are untrue.

112. Tesla denies the allegations contained in paragraph 112 because they are untrue.

113. Tesla denies the allegations contained in paragraph 113 because they are untrue.

<u>**SECOND CAUSE OF ACTION**</u>
**NEGLIGENCE PRODUCTS LIABILITY**

114. Tesla incorporates by reference each and every answer and denial set forth in paragraphs 1 through 113 as though fully set forth herein.

115. The allegations contained in paragraph 115 are legal conclusions and are, in part, directed at entities other than Tesla; therefore, no response is required. To the extent a response is required, Tesla admits only that it manufactured and sold the Model X that is the subject of this action. Otherwise, Tesla denies the statements contained in paragraph 115 because they are untrue.

116. Tesla denies the allegations contained in paragraph 116 because they are untrue.

117. Tesla denies the allegations contained in paragraph 117 because they are untrue.

118. Tesla denies the allegations contained in paragraph 118 because they are untrue.

119. Tesla denies the allegations contained in paragraph 119 because they are untrue.

120. Tesla denies the allegations contained in paragraph 120 because they are untrue.

1732019

121.   Tesla denies the allegations contained in paragraph 121 because they are untrue.

122.   Tesla denies the allegations contained in paragraph 122 because they are untrue.

**THIRD CAUSE OF ACTION**
**WRONGFUL DEATH**

123.   Tesla incorporates by reference each and every answer and denial set forth in paragraphs 1 through 122 as though fully set forth herein.

124.   Tesla denies the allegations contained in paragraph 124 because they are untrue.

125.   Tesla denies the allegations contained in paragraph 125 because they are untrue.

126.   Tesla neither admits nor denies the allegations contained in paragraph 126 because it is without sufficient information to form a belief about the truth of them.

127.   Tesla denies each and every allegation not affirmatively admitted herein.

**AFFIRMATIVE DEFENSES**

1.   Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.   To the extent that discovery supports the same, Tesla asserts the defense of spoliation of evidence by Plaintiffs.

3.   The subject vehicle was not defective or unreasonably dangerous in any manner, and the condition of the subject vehicle did not cause or contribute to cause Plaintiffs' damages as alleged in the Complaint.

4.   All damages allegedly sustained by Plaintiffs may be attributable to a cause or causes other than the condition of the subject vehicle, including, but not limited to, negligent operation and misuse.

1732019

5.    The subject vehicle was designed, manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry, regulatory or statutory codes, standards, specifications or schemes approved by the United States, Utah or Idaho (where the crash happened), or agencies thereof, that were applicable to the subject vehicle at the time of its manufacture and sale.

6.    The subject vehicle was manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to applicable statutes, regulations, requirements and mandates approved by the United States and by the States of Utah and Idaho and agencies thereof that governed the subject vehicle at the time of its manufacture and sale and, accordingly, Plaintiffs' state law claims are barred under the doctrine of federal preemption.

7.    The subject vehicle may not be in the same or substantially the same condition as when it left Tesla's control.

8.    Plaintiffs' damages, if any, may have been caused by Plaintiffs, Plaintiffs' decedents, or some other third-party's misuse, abuse, unauthorized alteration or modification of, or failure to maintain the subject vehicle or Plaintiffs' decedents' assumption of risk related to the operation of the vehicle.

9.    Plaintiffs' damages, if any, may have been caused or contributed to by Plaintiffs' decedents' failure, or the failure of those whose conduct is attributable to Plaintiffs, to comply with the written and oral instructions relating to use of the subject vehicle.

10.    Plaintiffs' and Plaintiffs' decedents' injuries and damages, if any, were legally and proximately caused by Plaintiffs' decedents' failure, or the failure of those whose conduct is

attributable to Plaintiffs, to follow the warnings supplied with the vehicle, which adequately warned of the risks involved in the vehicle's use or misuse.

11.    Plaintiffs' damages, if any, may have been legally and proximately caused by, and arose out of, risks of which Plaintiffs, Plaintiffs' decedents, or those whose acts are attributable to Plaintiffs, had both knowledge and understanding and thereby voluntarily assumed such risks related to their operation of the vehicle.

12.    Plaintiffs' decedents, or those whose acts are attributable to Plaintiffs, were responsible for the operation of the subject vehicle and for the incident described in the Complaint, and Plaintiffs' damages were caused by their decedents' failure to control the subject vehicle, which failure constitutes negligence per se on the part of Plaintiffs' decedents.

13.    The damages allegedly sustained by Plaintiffs may have been caused or contributed to by the acts, omissions or fault of Plaintiffs or Plaintiffs' decedents, or those whose acts are attributed to Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risks, misuse or abuse, failure to mitigate damages, or any other fault pursuant to Utah Code Ann. §§ 78B-5-817 to -22; and that such acts, omissions or fault, to any degree, completely bar recovery by Plaintiffs.

14.    Tesla's liability, if any, is several only and therefore it is only liable for the damages assigned to Tesla based on its percentage of responsibility, which responsibility and liability it expressly denies.

15.    Plaintiffs' damages, if any, were proximately caused by or contributed to by the acts of other parties, persons, or entities, and these acts were an intervening and superseding cause of the damages, if any, thus barring Plaintiffs from recovery against Tesla.  To the extent Plaintiffs'

1732019                                                      18

damages were the result of the fault of the acts of other parties, persons, or entities, under Utah's Liability Reform Act, Utah Code Ann. §§ 78B-5-817 *et seq.*, Tesla is entitled to and hereby gives notice of its intent to have the fault of such parties, persons, and entities apportioned by the trier of fact.

16.    Plaintiffs' alleged damages, if any, were proximately caused by or contributed to by the acts or omissions of the Tesla Model X driver, and any recovery by Plaintiffs must therefore be reduced or allocated in proportion to such comparative fault pursuant to Utah Code §§ 78B-5-818 and 78B-5-819.

17.    Plaintiffs were capable of and may have failed to mitigate their damages, if any.

18.    Plaintiffs' damages, if any, may have been caused by the acts or omissions of third-parties or other entities, over which Tesla has or had no control, or right of control, and for whom it is not responsible.

19.    The claims may be governed by the substantive law of a jurisdiction other than Utah, and application of that law bars or limits Plaintiffs' claims.

20.    To the extent that Plaintiffs are asserting a "crashworthiness" claim, that any rule of law, under the so-called "crashworthiness" doctrine, which alleviates Plaintiffs' burden of proving an alternative reasonable design, practicable under the circumstances, the injuries, if any, that would have occurred if that alternative design had been used, and the extent of enhanced injuries attributable to the alleged defective design, or which shifts the burden of disproving any of those elements to this Defendant, is unconstitutional and in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and applicable sections of the Constitution of the State of Utah, and furthermore, violates public policy.

1732019

19

21.     While specifically denying liability for the injuries alleged in the Plaintiffs' Complaint, to the extent any of Plaintiffs' alleged damages have been recovered by way of insurance proceeds or prior settlement of any claims relating to the transaction or occurrence described in Plaintiffs' Complaint, Tesla is entitled to a set-off of any such amount against any potential award entered against it in this matter.

22.     Plaintiffs' claim for punitive damages fails to state a claim upon which relief can be granted.

23.     Plaintiffs' claim for punitive damages violates Tesla's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article I, Section 9 of the Utah Constitution and violates Tesla's right to substantive process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section 7 of the Utah Constitution and therefore fails to state a cause of action or set forth a claim for punitive damages.

24.     The claim for "punitive damages" is barred by the provision of Article VI of the United States Constitution.

25.     Any attempted application of Utah law in this case in regard to any claim for "punitive damages" against Tesla would be unconstitutional for the following reasons:

a.     Tesla did nothing for which it should be punished, penalized or deterred, and therefore any recovery of "punitive damages" against Tesla would deprive Tesla of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article I, Section 7 of the Utah Constitution;

1732019

b. Any recovery of "punitive damages" against Tesla would violate the Equal Protection Clause of the Constitution of the State of Utah;

c. Any recovery of "punitive damages" against Tesla would deprive Tesla of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Utah; and

d. Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eight Amendment of the United States Constitution and Article I, Section 9 of the Utah Constitution.

26. Plaintiffs' claim for punitive damages against Tesla cannot be maintained, because an award of punitive damages under current Utah law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, Section 7 of the Utah Constitution, and the common law and public policies of the State of Utah.

27. Tesla alleges that Plaintiffs' claim for punitive damages against it cannot be maintained, because any award of punitive damages under Utah law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited

from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of Tesla discriminatory characteristics, including the residence, wealth, and corporate status of Tesla, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Tesla's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 7 of the Utah Constitution and would be improper under the common law and public policies of the State of Utah.

28.     Plaintiffs' right to recover punitive damages, if any, is subject to the limitations imposed and requirements set forth in Utah Statute § 78B-8-201.

29.     Plaintiffs' right to recover punitive damages, if any, is limited by any caps imposed and set forth in Idaho Code § 6-1604.

30.     Any award of punitive damages based on anything other than Tesla's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the Utah Constitution, Section 7 of the Declaration of Rights, and would be improper under the common law and public policies of the State of Utah, because any other judgment for punitive damages in this case cannot protect Tesla against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, especially including conduct that is lawful in states other than the State of Utah.

1732019                                    22

31.    To the extent that the law of Utah permits punishment to be measured by the net worth or financial status of Tesla and imposes greater punishment on Tesla with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Tesla in other States, and allows dissimilar treatment of similarly situated Defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 1 and 7 of the Constitution of the State of Utah.

32.    The imposition of punitive damages would violate the equal protection, due process, and excessive fines clauses of the United States and Utah Constitutions. With respect to Plaintiffs' demand for punitive damages, Tesla specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of *Farm Bureau Life Ins. Co. v. Am. Nat. Ins. Co.,* 408 Fed. Appx. 162, 168 (10th Cir. 2011); *BMW of North America v. Gore,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman tool Group, Inc.*, 532 U.S. 425 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003). Because punitive damages are quasi-criminal in nature, the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Tesla from unreasonable punitive damages awards. To the extent a punitive damages award is excessive, it constitutes an arbitrary deprivation of property. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 409 (2003). Subject to the Due Process Clause, with regard to any punitive damages award, clear and convincing evidence must support a conclusion that: (a) the Plaintiffs' harm was

1732019                                23

proximately caused by Tesla's intentional misconduct or gross negligence; (b) a reasonable relationship exists between the amount of the punitive damages awarded and the degree of reprehensibility of Tesla's conduct; (c) the disparity between the actual and potential damages suffered by the plaintiff and the amount of the punitive damages award does not exceed upheld ratios; and (d) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases is not unreasonably disparate. *See Lompe v. Sunridge Partners, LLC,* 818 F.3d 1041 (10th Cir. 2016). Any award of punitive damages, if any, should be determined at a separate trial as permissible under Federal Rule of Civil Procedure 42 (b). *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Tesla specifically reserves the right to amend its Answer to assert any additional affirmative defenses that subsequently may become known.

33.    To the extent the following affirmative defenses are applicable, based upon other applicable law based upon a choice of law analysis (specifically, Idaho) or based upon the evidence known in this matter or that may be determined in the future, and to preserve the same, Tesla invokes the following defenses of accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, offset on account of use or such other measure allowed by law, waiver, equitable estoppel, judicial estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, collateral estoppel, statute of frauds, statutes of limitations, any applicable statute of repose, and any other matter constituting an avoidance or affirmative defense.

1732019

24

WHEREFORE, Tesla respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, enter a judgment of no cause of action including recovery of costs and fees, and all other relief as the Court may deem proper.

## RESERVATION OF RIGHTS

Tesla reserves the right to file such additional affirmative defenses as may be appropriate upon completion of its investigation and discovery throughout trial.

## RELIANCE UPON JURY DEMAND

Tesla relies on the Jury Demand made by Plaintiffs in their Complaint dated August 18, 2025, and hereby demands a trial by jury.

DATED this 9th day of January 2026.

RAY QUINNEY & NEBEKER P.C.

*/s/ Kamie F. Brown*
Kamie F. Brown

Thomas P. Branigan (*Pro Hac Vice*)
Matthew G. Berard (*Pro Hac Vice*)
Brittany M. Clarke (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP

1732019                                    25

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 9th day of January 2026, I electronically filed a true and correct copy of the foregoing **ANSWER OF TESLA, INC. AND TESLA OF UT, INC. TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND** with the Clerk of Court via the Court's CM/ECF system, and that counsel of record was served as indicated below:

|  |  |
|---|---|
| Paul M. Halliday, Jr.<br>**HALLIDAY LAW**<br>4330 South Butternut Road<br>Salt Lake City, UT 84124<br>paul@phjrlaw.com | ☒ via CM/ECF System<br>☐ via E-Mail<br>☐ via Hand-Delivery<br>☐ via U.S. Mail, Postage Prepaid |
| G. Lynn Shumway<br>**SHUMWAY LAW PLLC**<br>4647 North 32nd Street, Suite 125<br>Phoenix, AZ 85018<br>shumway@carsafetylaw.com | ☐ via CM/ECF System<br>☒ via E-Mail<br>☐ via Hand-Delivery<br>☐ via U.S. Mail, Postage Prepaid |

*/s/ Liz Beidoun*

1732019